UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JESSE J. SOMERVILLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:23-cv-02445-JTF-atc |
| | ) | |
| JAMES HOLLOWAY, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION TO DISMISS THE § 2254 PETITION;
DENYING A CERTIFICATE OF APPEALABILITY;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On July 20, 2023, Petitioner Jesse J. Somerville ("Petitioner" or "Somerville"), Tennessee Department of Correction prisoner number 560377, an inmate at the Lois M. DeBerry Special Needs Facility ("DSNF") in Nashville, Tennessee, filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"). (ECF No. 1 at PageID 15.)[1] On September 12, 2023, Petitioner paid the case initiation fee. (ECF No. 7.) On September 18, 2023, the Court directed the Respondent to file the state court record and respond to the § 2254 Petition. (ECF No. 8.) On November 8, 2023, Respondent filed the state court record. (ECF No. 13.) On November 15, 2023, Respondent filed a motion to dismiss the § 2254 Petition. (ECF No. 14 (the "MTD").) Petitioner did not file a response, and the time to do so has passed.

The § 2254 Petition and the MTD are before the Court. (ECF Nos. 1 & 14.)

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court.

For the reasons stated below, the Court **GRANTS** the MTD and **DENIES WITH PREJUDICE** the § 2254 Petition because its sole claim is not cognizable and is time-barred.

## I.  PROCEDURAL HISTORY

On October 2, 2017, a grand jury in Lauderdale County, Tennessee returned a two-count indictment charging Somerville with one count of first-degree premeditated murder and one count of felony reckless endangerment.  *See State v. Somerville*, No. W2020-001105-CCA-R3-CD, 2021 WL 1174767, at *1 (Tenn. Crim. App. Mar. 29, 2021), *no perm. appeal filed*.  (ECF No. 13-1 at PageID 47-50.)

On September 30, 2019, the day Somerville's trial was scheduled to begin, he entered no contest pleas to one count of second-degree murder and one count of felony reckless endangerment.  *Id*.  (*See also* ECF No. 13-1 at PageID 75-76 (Somerville's plea and waiver).)  The prosecution summarized the evidence the State would have introduced at trial that would have shown Somerville killed Samuel Johnson at a Thanksgiving party on November 27, 2015.  *Somerville*, 2021 WL 1174767, at *1.  (*See also* ECF No. 13-2 at PageID 125-27 (transcript of September 30, 2019 plea hearing).)  The trial court advised Somerville of, *inter alia*, the constitutional rights he was waiving and the crimes of which he was accused.  *Somerville*, 2021 WL 1174767, at *2.  (*See also* ECF No. 13-2 at PageID 128-32.)  Somerville said that he understood the charges against him, the range of punishment for the offenses, his right to plead not guilty and proceed to trial, his right to confront and cross-examine witnesses, and his right against compelled self-incrimination.  *Id*.  Somerville acknowledged that he signed a waiver of his right to a jury trial.  *Id*.  (*See also* ECF No. 13-2 at PageID 128.)

The trial court explained to Somerville that he was entering no contest pleas to (1) the lesser-included offense of second-degree murder, which carried a sentencing range of fifteen to

twenty-five years, requiring service one hundred percent of the sentence, and (2) felony reckless endangerment, which carried a sentencing range of one to two years, requiring service of thirty percent of the sentence before becoming eligible for parole. *Id*. (*See also* ECF No. 13-2 at PageID 130.) The trial court informed Somerville that "[t]he witnesses are here, the jury is in another room, and the matter was set for trial today. However, by going through this proceeding, there will not be a trial by jury and will not be an appeal. This is your day in court." Somerville responded: "Yes, sir, I understand." *Id*. (*See also* ECF No. 13-2 at PageID 128-29.) The trial court accepted Somerville's pleas and scheduled a sentencing hearing. *Id*. (*See also* ECF No. 13-2 at PageID 132.)

At the outset of the November 15, 2019 sentencing hearing, defense counsel told the trial court that Somerville wished to withdraw his pleas. *Id*. (*See also* ECF No. 13-3 at PageID 139-40.) Somerville acknowledged that he was facing a potential life sentence if his motion to withdraw plea was granted and his case proceeded to trial. *Id*. (*See also* ECF No. 13-3 at PageID 139.) The trial court took Somerville's motion under advisement. *Id*. (*See also* ECF No. 13-3 at PageID 141.) On November 19, 2019, the trial court denied Somerville's motion and reset his sentencing hearing. *Id*. (*See also* ECF No. 13-1 at PageID 95-110.)

On December 19, 2019, the trial court conducted a sentencing hearing. *Somerville*, 2021 WL 1174767, at *2. (*See also* ECF No. 13-4 at PageID 143-81.) A presentence report was admitted into evidence (ECF No. 13-1 at PageID 77-94), and several witnesses testified. *Somerville*, 2021 WL 1174767, at *2. (*See also* ECF No. 13-4 at PageID 145, 179.) Somerville made a statement in allocution. *Id*. at *3. (*See also* ECF No. 13-4 at PageID 178-79.) The trial court considered: the factual basis for Somerville's pleas; his statement in allocution; the evidence presented; and the presentence report -- which indicated that Somerville "had a similar conviction

3

out of Tipton County … for attempt to commit first degree murder" and that he "was on probation at the time of this killing." *Id*. (*See also* ECF No. 13-4 at PageID 179-81.) Noting that Somerville had an extensive criminal history, the trial court applied two enhancement factors: a previous history of criminal convictions and being on probation at the time of the offense. *Id*. (*See also* ECF No. 13-4 at PageID 180-81.) The trial court found no applicable mitigating factors. *Id*.

The trial court sentenced Somerville, as a Range I standard offender, to twenty-two years for his second-degree murder conviction with a release eligibility of one hundred percent and ordered that it be served consecutively to his sentence for the prior conviction in Tipton County. *Id*. (*See also* ECF No. 13-4 at PageID 180.) The court imposed a concurrent sentence of one year for the felony reckless endangerment conviction. *Id*. (*See also* ECF No. 13-4 at PageID 181; ECF No. 13-1 at PageID 111-13 (Order of sentencing); *id*. at PageID 114-17 (Judgment of conviction).)

Somerville filed a notice of appeal on January 17, 2020. (ECF No. 13-1 at PageID 118-19.) He argued that the trial court erred by denying his motion to withdraw his pleas and that his sentence is excessive. *Somerville*, 2021 WL 1174767, at *1. (*See also* ECF No. 13-5 at PageID 190.) On March 29, 2021, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgments of the trial court. *Id*. at *1, *6. (*See also* ECF No. 13-7 at PageID 261-69.) Somerville did not apply for discretionary review by the Tennessee Supreme Court.

In the § 2254 Petition, Somerville contends that he filed a "post-conviction" with the Tennessee Supreme Court that was "dismissed." (ECF No. 1 at PageID 3, 6.) Respondent's counsel says he "could not find any [post-conviction] filing" by Somerville. (ECF No. 14-1 at PageID 274.) Respondent said that he could not locate any record of a post-conviction filing (ECF No. 14-1 at PageID 273), and the Court has no record of a post-conviction proceeding.

4

Somerville filed the § 2254 Petition on July 20, 2023.  (ECF No. 1 at PageID 15.)  He presents one claim: "Innocent by proof of witnesses and the actual person who did crime."  (*Id*. at PageID 5.)  He asks the Court to "[i]nvestigate my case in all its aspects, and to release me from prison."  (*Id*. at PageID 15.)  As to timeliness, he states "if I missed statu[t]e of limitations, it was [b]ecause I was put in mental health seclusion and prison staff lost my property.  (*Id.* at PageID 14.)

On November 15, 2023, Respondent filed the MTD, arguing that the § 2254 Petition "is time-barred […][,] alternatively is procedurally defaulted[,] [and] is not cognizable in habeas corpus."  (ECF No. 14 at PageID 270; ECF No. 14-1 at PageID 272, 274-75.)  Petitioner did not file a response to the MTD, and the time for doing so has expired.  (*See* ECF No. 8 at PageID 31.)

## II.  ANALYSIS

### A.  Petitioner's Sole Habeas Claim is not Cognizable in Federal Habeas

Petitioner argues that he is "innocent" because "someone else did [the] crime."  (ECF No. 1 at PageID 5.)  He contends that five witnesses "at club said it was someone else who did crime[] & [t]he actual person (my cousin) who did crime admitted it on facebook (before he died) that he did crime."  (*Id.*)  Petitioner has presented no other allegations or evidence to support his claims.  In addition, Petitioner has not alleged an independent constitutional violation in the underlying state criminal proceedings.  (*See id*.)

Freestanding "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."  *Herrera v. Collins*, 506 U.S. 390, 400 (1993).  Under *Herrera*, the evidence supporting a potential freestanding actual innocence claim would have to be strong enough to make execution "constitutionally intolerable" despite the

5

conviction being the product of a fair trial. *Schlup v. Delo*, 513 U.S. 298, 316–317 (1995). Petitioner would have to convince the habeas court that the new evidence "unquestionably" establishes innocence. *Id.* at 317. Even so, the Sixth Circuit has "repeatedly indicated that such claims are not cognizable on habeas." *Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir. 2020) (quoting *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007)). And even if they were, "the petitioner's burden 'would necessarily be extraordinarily high.'" *Smith*, 962 F.3d at 207 (quoting *Herrera*, 506 U.S. at 417).

Because Somerville's freestanding claim of actual innocence is not cognizable, the § 2254 Petition is subject to dismissal with prejudice. Even if that were not the case, this § 2254 Petition would be dismissible on the grounds discussed below.

### B. The § 2254 Petition is Time-Barred

There is a one-year statute of limitations for the filing of a petition for a writ of habeas corpus "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In this case, the running of the limitations period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).[2] State convictions ordinarily become "final" when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. *Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009).

---

[2] Petitioner does not state when he discovered the "facebook [post] [by] [t]he actual person (my cousin) who did [the] crime." (ECF No. 1 at PageID 5.) Therefore, the Court does not invoke the provisions of 28 U.S.C. 2244(d)(1)(D) to determine the expiration of the habeas statute of limitations because Petitioner does not allege "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. 2244(d)(1)(D).

Here, the TCCA affirmed Petitioner's convictions and sentences on March 29, 2021. *Somerville*, 2021 WL 1174767, at *1 , *6. (*See also* ECF No. 13-7 at PageID 261-69.) Petitioner did not file an application for discretionary review with the Tennessee Supreme Court or seek collateral relief in state court. Since he did not seek discretionary review before the Tennessee Supreme Court, his convictions became final on Friday, May 28, 2021. *See Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x. 605, 609 (6th Cir. 2013) (a petitioner's conviction becomes final when the time for a direct appeal expires); Tenn. R. App. P. 11 ("The application for permission to appeal shall be filed with the clerk of the Supreme Court within 60 days after the entry of the judgment of the Court of Appeals or Court of Criminal Appeals").

There is no evidence that Petitioner filed a state post-conviction petition. Because Somerville did not timely seek post-conviction relief, statutory tolling does not apply to the running of the federal habeas statute of limitations in this case. *See* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). Petitioner's federal limitations "clock" therefore began running on Saturday, May 29, 2021, and it expired one year later -- on Monday, May 30, 2022.[3] Somerville did not file the § 2254 Petition in this case until July 20, 2023. (ECF No. 1 at PageID 15.) His habeas claims are therefore untimely by more than thirteen months.

**C. The Doctrine of Equitable Tolling Does Not Apply**

---

[3] Because the last day of the § 2254 limitations period fell on Sunday, May 29, 2022, Petitioner had until the close of business on Monday, May 30, 2022 to file a timely § 2254 petition. *See* Fed. R. Civ. P. 6(a)(1)(C); *see also Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997) (holding that a one-year limitations period generally "ends on the same calendar date the following year").

To the extent Petitioner asserts that he is entitled to equitable tolling, his argument is not well taken. (ECF No. 1 at PageID 14.)

"The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). The § 2244(d)(1) limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts." *Robertson*, 624 F.3d at 784. "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.* A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also id.* at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence'") (citation and additional internal quotation marks omitted). "The statute of limitations should be equitably tolled until the earliest date on which the petitioner, acting with reasonable diligence, should have filed his petition." *Kendrick v. Rapelje*, 504 F. App'x 485, 487 (6th Cir. 2012). However, "the procedural requirements established by the United States Congress for gaining access to federal courts are strictly construed and vigorously enforced. The procedural requirements and filing deadlines are not to be disregarded by federal courts out of a vague sympathy for particular litigants." *Carter v. Jack Daniel's Distillery*, No. 4:02-cv-001, 2002 WL 32059015, at *3 (E.D. Tenn. Nov. 26, 2002) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam)) (other internal citations omitted).

Somerville has failed to show that he is entitled to equitable tolling. Rather, he vaguely says, without any discussion or explanation of relevant facts: "If I missed statu[t]e of limitations, it was because I was put in mental health seclusion and prison staff lost my property." (ECF No. 1 at PageID 14.) His blanket contention is unpersuasive when considering what he must show to toll the statute of limitations in this case. He does not demonstrate fact-specific circumstances showing that his alleged seclusion and property loss prevented him from pursuing his legal rights during the limitations period.

For example, Somerville does not identify the dates of the mental health seclusion, the type of property that prison staff "lost", or how either of those alleged occurrences stopped him from timely filing his petition. Somerville's factual allegations are insufficient to demonstrate a causal link between the alleged seclusion and property loss and the untimely filing of his § 2254 Petition. This case is not one of the "rare, exceptional circumstances" with "compelling equitable considerations" in which "federal courts sparingly resort to equitable tolling." *See Carter*, 2002 WL 32059015, at *3 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) and *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)) (other internal citations omitted). Further, he does not show that he was diligent in pursing his claims. "Absent compelling equitable considerations" -- which Somerville does not present here – "a court should not extend limitations by even a single day." *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

Petitioner has not met his burden of demonstrating diligence and extraordinary circumstances for equitable tolling to apply to the untimely § 2254 Petition.

Somerville's allegation of actual innocence does not change this conclusion. (ECF No. 1 at PageID 5 (alleging that Somerville is "innocent by proof of witnesses and the actual person who did [the] crime. 5 witnesses at club said it was someone else who did [the] crime. The actual

9

person (my cousin) who did crime admitted it on facebook (before he died) that he did [the] crime").)

Actual innocence, if proved under the standard provided in *Schlup*, 513 U.S. 298, serves as a gateway through which a petitioner may obtain review of his otherwise barred or untimely claims of constitutional violation. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To open the gateway, a petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. He must also show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 327. The standard for gateway actual innocence claims is "demanding." *McQuiggin*, 569 U.S. at 386 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). "[T]enable actual-innocence gateway pleas are rare." *Id*. at 386, 394-95 (gateway actual innocence "applies to a severely confined category"). "[T]he actual innocence exception should remain rare and only be applied in the extraordinary case." *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).

Somerville's vague contention about some unnamed "5 witnesses" and "proof of witnesses" (ECF No. 1 at PageID 5) is not new evidence that meets the standard of *Schlup* and *McQuiggin*. Somerville merely makes an assertion of actual innocence. He has not put forth any new evidence based on which "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *See McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329). For these reasons, Somerville is not entitled to equitable tolling based on actual innocence. Accordingly, his actual innocence claim cannot serve as a gateway for consideration of his time-barred § 2254 Petition. Somerville's § 2254 Petition is time-barred.

D.  **Conclusion**

Because (1) the § 2254 Petition's freestanding actual innocence claim is not cognizable in federal habeas; (2) the § 2254 Petition is untimely; and (3) Petitioner has not demonstrated an entitlement to equitable tolling, the Court **GRANTS** Respondent's MTD (ECF No. 14).  The § 2254 Petition is **DISMISSED WITH PREJUDICE**.[4]  Judgment shall be entered for Respondent.

### III.  APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005).  The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner.  Rule 11, § 2254 Rules.  A petitioner may not take an appeal unless a circuit or district judge issues a COA.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. §§ 2253(c)(2) & (3).  A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  A COA does not require a showing that the appeal will succeed.  *Miller-El*, 537 U.S. at 337;

---

[4] Because the § 2254 Petition is time-barred, the Court need not reach the merits of Respondent's alternative arguments in the MTD that Somerville's sole habeas claim is procedurally defaulted.  (*See* ECF No. 14 at PageID 270; ECF No. 14-1 at PageID 272, 278-80.)

*Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).  Courts should not issue a COA as a matter of course.  *Bradley*, 156 F. App'x at 773.

In this case, there can be no question that the § 2254 Petition is not cognizable and is time-barred.  Because any appeal by Petitioner on the issues raised in his § 2254 Petition does not deserve attention, the Court **DENIES** a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a) (4)-(5).  In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**.[5]

**IT IS SO ORDERED**, this 20th day of September, 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order.  *See* Fed. R. App. P. 24(a)(5).